UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ALEX ANDREWS,

Plaintiff,

-against-

CITY OF NEW YORK, MARIA VOSKOBOYNIK, Individually,
MICHAEL LAMORIELLO, Individually, ALI H. CHEIKHALI,
Individually, JOHN KO, Individually, CASSIDY TIBBETS,
Individually, SEAN CLAXTON, Individually, and JOHN and
JANE DOE 1 through10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 7432
(CBA) (JO)

Jury Trial Demanded

Plaintiff ALEX ANDREWS, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ALEX ANDREWS is a twenty-one year old man who resides in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, MARIA VOSKOBOYNIK, MICHAEL LAMORIELLO, ALI H. CHEIKHALI, JOHN KO, CASSIDY TIBBETS, SEAN CLAXTON, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On September 23, 2012 at approximately 11:30 p.m., plaintiff was lawfully present in the vicinity of East 54th Street and Church Avenue, Brooklyn, New York, when defendant NYPD officers, including, but not limited to, MARIA VOSKOBOYNIK, MICHAEL LAMORIELLO, ALI H. CHEIKHALI, JOHN KO, and CASSIDY TIBBETS, directly participated in beating and falsely arresting plaintiff, and/or failing to intervene.

13.     At the aforesaid location, defendant LAMORIELLO shoved plaintiff repeatedly without cause or justification.

14.     Defendant LAMORIELLO thereafter grabbed plaintiff, shoved him into a metal gate, and slammed plaintiff to the ground.

15.     Once plaintiff was on the ground, defendant CHEIKHALI joined in the beating.

16.     The officers kicked, punched, and beat plaintiff.

17.     In particular, defendant CHEIKHALI kicked plaintiff approximately several times in the side of his body, struck plaintiff in the face with a pair of handcuffs, and then kicked plaintiff approximately two more times.

18.     While this was happening, defendant LAMORIELLO punched plaintiff approximately five or more times in the head.

3

19.    Defendant VOSKOBOYNIK then joined in the assault and arrest of plaintiff and participated in further beating and handcuffing plaintiff.

20.    Plaintiff had committed no crimes or offenses, and had engaged in no conduct meriting the above-described beating.

21.    Despite suffering obvious injuries and requiring immediate medical treatment, plaintiff was handcuffed and placed in a police vehicle.

22.    Defendants KO and TIBBETS, were present for, observed, and were aware of the aforesaid acts of excessive force and of the false arrest of plaintiff, yet they did nothing to intervene despite a reasonable opportunity to do so.

23.    Plaintiff was transported to the NYPD 67th Precinct, where he was imprisoned further.

24.    After a period of time, emergency medical technicians arrived at the precinct and transported plaintiff to Kings County Hospital for emergency medical treatment.

25.    At Kings County Hospital, plaintiff received treatment for injuries arising from the above beating, including, but not limited to, a fractured nose, two lacerations on his head requiring eight staples to close, two puncture wounds to the forehead requiring sutures to close, a hematoma to his forehead, and abrasions to his right upper back and right elbow.  Plaintiff was also experiencing chest pain and vomiting, as well as diffuse pain and suffering.

26.    After receiving treatment, plaintiff was further imprisoned until he was brought to Kings County Criminal Court and arraigned on false and manufactured charges based on the sworn false allegations of defendant VOSKOBOYNIK, whose sworn allegations were based in part on false statements provided by LAMORIELLO and CHEIKHALI.

4

27.   Defendant VOSKOBOYNIK conveyed said false allegations and statements to the Kings County District Attorney's Office.

28.   Defendant police officers VOSKOBOYNIK, LAMORIELLO, and CHEIKHALI caused the false evidence to be used against plaintiff in said legal proceedings.

29.   Defendant VOSKOBOYNIK initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit (without limitation): in an effort to prevent, frustrate, or hinder disciplinary proceedings filed against herself and her fellow officers LAMORIELLO and CHEIKHALI.

30.   As a result of defendant officer VOSKOBOYNIK, LAMORIELLO, and CHEIKHALI's misconduct, plaintiff was compelled to return to Court on numerous occasions, until on March 6, 2014, when he received an adjournment in contemplation of dismissal ("ACD"). The ACD is set to expire on September 5, 2014, at which time all charges will be dismissed and sealed.

31.   Defendant CLAXTON, who held the rank of sergeant, supervised defendants VOSKOBOYNIK, LAMORIELLO, CHEIKHALI, KO, and TIBBETS, and participated in the aforementioned deprivations of plaintiff's constitutional rights via, among other things, his involvement in the overseeing, training, and supervising of his subordinate officers and by failing to adequately investigate, report, and discipline said officers.

32.   All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees regarding the proper use of

5

force, due to a practice of falsification, and due to the existence of a code of silence and widespread failure to discipline officers who use excessive force or otherwise abuse their authority.

33.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the proper use of force, and/or the ramifications of falsification, cover ups, and of abuse of authority.

34.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

35.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

36.     As a result of the foregoing, plaintiff ALEX ANDREWS sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

### Federal Claims

#### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

6

paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39.     All of the aforementioned acts deprived plaintiff ALEX ANDREWS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

40.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43.     As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants arrested plaintiff ALEX ANDREWS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

46.     Defendants caused plaintiff ALEX ANDREWS to be falsely arrested and unlawfully imprisoned.

47.     As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ALEX ANDREWS' constitutional rights.

50.     As a result of the aforementioned conduct of defendants, plaintiff ALEX ANDREWS was subjected to excessive force and sustained physical and emotional injuries.

51.     As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

52.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    Defendants created false evidence against plaintiff ALEX ANDREWS.

54.    Defendants utilized this false evidence against plaintiff ALEX ANDREWS in legal proceedings.

55.    As a result of defendants' creation and use of false evidence, plaintiff ALEX ANDREWS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

56.    As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

57.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.    Defendants issued criminal process against plaintiff ALEX ANDREWS by causing his arrest and prosecution in a criminal court.

59.    Defendants caused plaintiff ALEX ANDREWS to be arrested and prosecuted in

9

order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority and acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

60.     As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants had an affirmative duty to intervene on behalf of plaintiff ALEX ANDREWS, whose constitutional rights were being violated in their presence by other officers.

63.     The defendants failed to intervene to prevent the unlawful conduct described herein.

64.     As a result of the foregoing, plaintiff ALEX ANDREWS' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

65.     As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendant CLAXTON, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train his subordinate employees.

68.     As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

71.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, the use of excessive force, widespread cover ups of abuse, widespread falsification, as well as inadequate screening, hiring, retaining, training and supervising its employees, that were the moving force behind the violation of plaintiff ALEX ANDREWS' rights as described herein.  As a result of the failure of

11

the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, as well as due to the other policies and/or practices mentioned herein, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

72.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALEX ANDREWS.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALEX ANDREWS as alleged herein.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ALEX ANDREWS as alleged herein.

75.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ALEX ANDREWS was unlawfully arrested and subjected to excessive force.

76.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ALEX ANDREWS' constitutional rights.

77.     All of the foregoing acts by defendants deprived plaintiff ALEX ANDREWS of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

     B.     To be free from false arrest;

     C.     To be free from excessive force;

     D.     Not to be maliciously issued process;

     E.     To be free from deprivation of his right to a fair trial/fabrication of evidence; and

     E.     To be free from the failure to intervene.

78.     As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

81.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

82.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

83.     Plaintiff has complied with all conditions precedent to maintaining the instant

13

action.

84.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

85.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendants arrested plaintiff ALEX ANDREWS without probable cause.

87.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

88.     As a result of the aforementioned conduct, plaintiff ALEX ANDREWS was unlawfully imprisoned in violation of the laws of the State of New York.

89.     As a result of the aforementioned conduct, plaintiff ALEX ANDREWS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

90.     As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

14

92.    As a result of the foregoing, plaintiff ALEX ANDREWS was placed in apprehension of imminent harmful and offensive bodily contact.

93.    As a result of defendant's conduct, plaintiff ALEX ANDREWS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94.    As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

95.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.    Defendants made offensive contact with plaintiff without privilege or consent.

97.    As a result of defendant's conduct, plaintiff ALEX ANDREWS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

98.    As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

15

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

101.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

102.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

103.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ALEX ANDREWS.

104.    As a result of the aforementioned conduct, plaintiff ALEX ANDREWS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

105.    As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

106.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "105" with the same force and effect as if fully set forth herein.

16

107. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ALEX ANDREWS.

108. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

109. As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

110. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff ALEX ANDREWS.

112. As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

17

## AS AND FOR A FIFTHTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

113.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115.   As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

116.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

118.   As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive

18

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

119.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    As a result of defendants' conduct, plaintiff ALEX ANDREWS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

121.    As a result of the foregoing, plaintiff ALEX ANDREWS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

19

**WHEREFORE**, plaintiff ALEX ANDREWS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined

by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      August 19, 2014

                    LEVENTHAL & KLEIN, LLP
                    Attorneys for Plaintiff ALEX ANDREWS
                    45 Main Street, Suite 230
                    Brooklyn, New York 11201
                    (718) 722-4100

                    By: _____
                       BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ALEX ANDREWS,

                                        Plaintiff,

          -against-                                              13 CV 7432
                                                                 (CBA) (JO)

CITY OF NEW YORK, MARIA VOSKOBOYNIK, Individually,
MICHAEL LAMORIELLO, Individually, ALI H. CHEIKHALI,
Individually, JOHN KO, Individually, CASSIDY TIBBETS,
Individually, SEAN CLAXTON, Individually, and JOHN and
JANE DOE 1 through10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100